[Cite as *Gainer v. Cavanaugh*, 2020-Ohio-175.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| MICHAEL GAINER, ET AL. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellants | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ANGELA CAVANAUGH, ET AL. | : | Case No. 2019CA00043 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Case No. 2018CV01869 (Consolidated with Case No. 2018CV02129)


JUDGMENT:     Reversed and Remanded


DATE OF JUDGMENT:     January 21, 2020


APPEARANCES:

For Plaintiffs-Appellants

JACK B. COOPER
4684 Douglas Circle NW
Canton, OH  44718

For Defendants-Appellees

JOHN D. FERRERO
Stark County Prosecuting Attorney
DAVID E. DEIBEL
JESSICA LOGOTHETIDES
110 Central Plaza South, Suite 510
Canton, OH  44702

*Wise, Earle, J.*

{¶ 1}   Plaintiffs-Appellants, Michael and Brenda Gainer, their statutory agent Jack B. Cooper, and Storybrook Farm LLC, appeal the December 12, 2018 and February 28, 2019 judgment entries of the Court of Common Pleas of Stark County, Ohio, upholding administrative decisions issued by the Stark County Board of Building Appeals and the Ohio Board of Building Appeals.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 10, 2018, Angela Cavanaugh, Chief Building Official for the Stark County Building Department, sent Michael and Brenda Gainer an order to comply, ordering the Gainers to stop assembly occupancy immediately regarding an agricultural barn on their property, alleging the barn had been converted into an assembly occupancy without approval as required by the Ohio Building Code.  The Gainers owned Storybrook Farm and used the barn in question to operate a wedding venue business.

{¶ 3}   On July 23, 2018, Mark Stewart, Lawrence Township Fire Department Fire Chief, sent the Gainers a citation and order, citing them for operating an event and rustic wedding facility in a barn on their property without obtaining a change of use or occupancy, and ordering them to comply with the Ohio Building Code and the Stark County Building Department's Change of Occupancy Policy.

{¶ 4}   The Gainers appealed the Cavanaugh order to comply to the Stark County Board of Building Appeals.  A hearing was held on September 13, 2018.  By final order dated same date, the Board denied the issuance of a variance.

{¶ 5}   The Gainers appealed the Stewart citation and order to comply to the Ohio Board of Building Appeals.  A hearing was held on October 19, 2018.  By final order dated October 22, 2018, the Board upheld the citation.

{¶ 6}   On September 25, 2018, the Gainers appealed the final order of the Stark County Board with the Court of Common Pleas of Stark County, Ohio (Case No. 2018CV01869).

{¶ 7}   On October 31, 2018, the Gainers appealed the final order of the Ohio Board with the Court of Common Pleas of Stark County, Ohio (Case No. 2018CV02129).

{¶ 8}   On November 14, 2018, the Gainers filed a motion for evidentiary hearing to present additional evidence on factual issues pursuant to R.C. 3781.031.

{¶ 9}   On December 3, 2018, the trial court consolidated the cases.

{¶ 10} On December 12, 2018, the trial court denied the Gainers' motion for an evidentiary hearing.

{¶ 11} By judgment entry filed February 28, 2019, the trial court upheld the decisions of both Boards, finding the Gainers did not meet the requirements under R.C. 3781.06 (building safety and sanitation for intended use and occupancy) and was not exempt from the subject regulations.

{¶ 12} Appellants filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 13} "THE TRIAL COURT ERRED IN FINDING THAT THE AGRICULTURAL EXEMPTION IN ORC §3781.06(B) DID NOT MAKE THE ADMINISTRATIVE ORDERS

AT ISSUE ILLEGAL, WHERE THE EVIDENCE PROVED THAT THE STRUCTURE IN QUESTION (A BARN) WAS INCIDENT TO THE AGRICULTURAL USE OF THE LAND."

II

{¶ 14} "THE TRIAL COURT ERRED IN DENYING APPELLANTS AN EVIDENTIARY HEARING AS THE RELEVANT STATUTE EXPRESSLY PROVIDES FOR ONE AND APPELLANTS REQUESTED A HEARING."

{¶ 15} We will address Assignment of Error II first as we find it to be dispositive of this appeal.

II

{¶ 16} Appellants claim the trial court erred in denying their request for an evidentiary hearing.  We agree.

{¶ 17} The administrative appeal in this case originated under R.C. 3781.031 which governs issuance of adjudication orders and stop work orders.  Subsection (D) provides the following in pertinent part:

Any party adversely affected by an order issued following an adjudication hearing may appeal to the court of common pleas of the county in which the party is a resident or in which the premises affected by the order is located.  The court shall not be confined to the record as certified to it by the agency but *any party may produce additional evidence and the court shall hear the matter upon the record and additional evidence any party introduces.*  (Emphasis added.)

{¶ 18} In a motion filed November 14, 2018, appellants moved pursuant to this cited section to present "additional evidence on the factual issues pertinent to this appeal." Given the language of R.C. 3781.031(D), appellants have the right to present additional evidence and the trial court "shall hear the matter upon the record and additional evidence any party introduces."

{¶ 19} In their appellate brief at 21, appellees argue appellants "did not detail what additional evidence was necessary for the court to hear to resolve the appeal nor did they state why they could not have produced such evidence prior to the hearings before the agencies." R.C. 119.12 is the general statute that governs administrative appeals. Subsection (K) permits additional evidence if the trial court is "satisfied that the additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency." Subsection (K) prefaces this requirement with the words, "[u]nless otherwise provided by law." R.C. 3781.031(D) is the governing statute in this case. The legislature could have mirrored the language in R.C. 119.12(K), but did not do so. R.C. 3781.031(D) does not list any qualifiers or limitations, it simply permits "additional evidence."

{¶ 20} Appellees also argue the case of *Davis Metal Sales, Inc. v. Walz,* 5th Dist. Knox No. 89-CA-55, 1990 WL 97632 (July 9, 1990). We find this case to be inapplicable because the court therein did not review or consider the language of R.C. 3781.031(D).

{¶ 21} Based upon the language of R.C. 3781.031(D), we find appellants have the right to present **additional** evidence that was not presented at the hearings before the Boards, and the trial court shall hear the matter upon the record.

{¶ 22} Upon review, we find the trial court erred in denying appellants' request for an evidentiary hearing.  Given this decision, Assignment of Error I is premature.

{¶ 23} Assignment of Error II is granted.

{¶ 24} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed, and the matter is remanded to the trial court to hold a hearing to entertain additional evidence.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.

EEW/db